FILED.

DATED: 1:31 pm, February 10, 2025

U.S. MAGISTRATE JUDGE

SUE FAHAMI
Acting United States Attorney
Nevada Bar No. 5634
BRIANNA ISABELLA CHAPA
Assistant United States Attorney
Office of the United States Attorney
501 South Las Vegas Blvd., Suite 1100
Las Vegas, Nevada 89101
Tel: (702) 388-6336
Fax: (702) 388-6418
brianna.chapa@usdoj.gov

*Attorneys for the United States*

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

APPLICATION OF THE UNITED
STATES OF AMERICA FOR § 2703(d)
ORDER REGARDING EMAIL
ACCOUNTS SERVICED BY
YAHOO INC.

Case No. 2:25-mj- 00119-DJA

## APPLICATION FOR ORDER PURSUANT TO 18 U.S.C. § 2703(d)

The government respectfully submits under seal this *ex parte* application for an Order

pursuant to 18 U.S.C. § 2703(d). The proposed Order would require Yahoo Inc. ("Yahoo"

or "Provider"), an email service provider, to disclose certain records pertaining to the

following email accounts: ptatravel2000@yahoo.com and nrlasvegas@yahoo.com (the

Subject Accounts), as set forth in Part I of Attachment A to the proposed Order. The

information to be disclosed is described in Part II of Attachment A to the proposed Order.

In support of this application, the government asserts:

### LEGAL BACKGROUND

1.    Yahoo is a provider of an electronic communications service, as defined in

18 U.S.C. § 2510(15), and/or a remote computing service, as defined in 18 U.S.C. §

2711(2). Accordingly, the government may use a court order issued under § 2703(d) to

1  require Yahoo to disclose the items described in Part II of Attachment A. *See* 18 U.S.C. §

2  2703(c)(2) (Part II.A of Attachment A); 18 U.S.C. § 2703(c)(1) (Part II.B of Attachment A).

3      2.      This Court has jurisdiction to issue the proposed Order because it is "a court

4  of competent jurisdiction," as defined in 18 U.S.C. § 2711. *See* 18 U.S.C. § 2703(d).

5  Specifically, the Court is a "district court of the United States . . . that – has jurisdiction

6  over the offense being investigated." 18 U.S.C. § 2711(3)(A)(i).

7      3.      A court order under § 2703(d) "shall issue only if the governmental entity

8  offers specific and articulable facts showing that there are reasonable grounds to believe

9  that the contents of a wire or electronic communication, or the records or other

10  information sought, are relevant and material to an ongoing criminal investigation." 18

11  U.S.C. § 2703(d). Accordingly, the next section of this application sets forth specific and

12  articulable facts showing that there are reasonable grounds to believe that the records and

13  other information described in Part II of Attachment A are relevant and material to an

14  ongoing criminal investigation.

15                  <u>RELEVANT FACTS</u>

16      4.      As described in more detail below, the government is investigating a fraud

17  scheme where there are reasonable grounds to believe that the Subject Accounts were used

18  in furtherance of the scheme and contain fruits, evidence, and instrumentalities of

19  violations of 18 U.S.C. §§ 1343 (wire fraud), and 1028A (aggravated identity theft), both

20  connected to an alleged real estate fraud scheme perpetrated by Najeeb Rahman.

21      5.      In or around December 2023, the Federal Bureau of Investigation began

22  investigating an alleged fraud scheme and aggravated identity theft perpetrated by Rahman,

23  based on victim and witness information related to the sale of real estate property in Las

24  Vegas, Nevada.

6.    In or about May 2023, Victim 1 (the seller), who is 90 years old, asked Rahman's daughter, a real estate agent, to sell a residence on Bruce Street in Las Vegas, Nevada. According to Victim 2 (the buyer), Rahman accompanied his daughter when showing the property to Victim 2. Victim 2 stated that Rahman told Victim 2 that Rahman could get him a discount if Victim 2 paid in cash. Rahman then sold the Bruce Street residence to Victim 2 for approximately $400,000, which he paid mostly in cash.

7.    During an FBI interview with Victim 1, Victim 1 provided the following information: Instead of telling Victim 1 that he had sold the Bruce Street property, Rahman told Victim 1 that Victim 2 was leasing the Bruce Street residence. Rahman provided a lease agreement dated on or about July 25, 2023 to Victim 1 that appears to have been signed by Rahman on behalf of Victim 2.

8.    Despite telling Victim 1 that Victim 2 was leasing the property, on or about August 2, 2023, Rahman recorded a "Grant, Bargain, and Sale Deed" for the Bruce Street property that transferred ownership of that property from Victim 1 to Victim 2. That deed identified the value of the property as $400,000.

9.    On August 2, 2023, Rahman (from e-mail address nrlasvegas@yahoo.com, one of the Subject Accounts) emailed the deed for the Bruce Street residence to Victim 2.

10.    When Victim 1 did not receive rent payments from Victim 2, Victim 1 contacted Victim 2, who told Victim 1 that he was not renting the property, but buying it. Rahman agreed to find an attorney for Victim 1 to challenge Victim 2's ownership of the Bruce Street residence.

11.    On or around October 30, 2023, Rahman contacted an attorney, starting the process for Victim 1 to file a lis pendens on the Bruce Street residence against Victim 2.

1      12.     On or about November 1, 2023, Rahman provided the attorney with the

2    email address ptatravel2000@yahoo.com (one of the Subject Accounts), representing that it

3    was Victim 1's email address. The attorney sent a retainer agreement to that email address

4    and on November 2, 2023, the attorney received an e-signed retainer agreement,

5    purportedly signed by Victim 1, from that same address.

6      13.     On or about December 19, 2023, Victim 1 informed the attorney that the

7    email address Rahman provided to the attorney (ptatravel2000@yahoo.com) did not belong

8    to Victim 1, and further, that Victim 1 did not use email.

9      14.     Victim 1 informed the FBI that Rahman failed to pay Victim 1 for the sale of

10   the Bruce Street residence. In other words, Victim 1 received no money from Victim 2 for

11   the sale of the Bruce Street residence for $400,000.

12      15.    Based on Rahman and Victim 2's bank records, Rahman received at least

13   $160,000 by wire transfer from Victim 2; and several large cash deposits were made into

14   Rahman's bank account during the purchase period of the Bruce Street residence. No

15   withdrawals, deposits, and/or transfers from Rahman to Victim 1 are observed in these

16   records.

17                      REQUEST FOR ORDER

18      16.     The facts set forth above show that there are reasonable grounds to believe

19   that the records and other information described in Part II of Attachment A are relevant and

20   material to an ongoing criminal investigation. 18 U.S.C. § 2703(d). Specifically, these items

21   will help the government identify the individual(s) controlling the Subject Accounts during

22   the time period they were used in furtherance of the fraud scheme described above.

23   / / /

24   / / /

4

1      17.    Accordingly, the government requests that Yahoo be directed to produce all

2  items described in Part II of Attachment A to the proposed Order.

3      Respectfully submitted this 10th day of February 2025.

4                          SUE FAHAMI
                           Acting United States Attorney

5
                           */s/ Brianna Isabella Chapa*
6                          BRIANNA ISABELLA CHAPA
                           Assistant United States Attorney

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

FILED.

DATED: 1:31 pm, February 10, 2025

U.S. MAGISTRATE JUDGE

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| APPLICATION OF THE UNITED STATES OF AMERICA FOR § 2703(d) ORDER REGARDING EMAIL ACCOUNT(S) SERVICED BY YAHOO INC. | Case No. 2:25-mj- 00119-DJA<br><br>**ORDER** |

The United States has submitted an application pursuant to 18 U.S.C. § 2703(d), requesting that the Court issue an Order requiring Yahoo Inc., an electronic communications service provider and/or a remote computing service, to disclose the records and other information described in Attachment A to this Order.

The Court finds that the United States has offered specific and articulable facts showing that there are reasonable grounds to believe that the records or other information sought are relevant and material to an ongoing criminal investigation.

IT IS THEREFORE ORDERED, pursuant to 18 U.S.C. § 2703(d), that Yahoo Inc. shall, within fourteen days of receipt of this Order, disclose to the United States the records and other information described in Attachment A to this Order.

DATED this _____10_____ th day of February 2025.



HONORABLE DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE

1

**ATTACHMENT A**

2  **I.    The Account(s)**

3      The Order applies to certain records and information associated with the following

4  email accounts: ptatravel2000@yahoo.com, nrlasvegas@yahoo.com.

5  **II.    Records and Other Information to Be Disclosed**

6      Yahoo Inc. is required to disclose the following records and other information, if

7  available, to the United States for each account or identifier listed in Part I of this

8  Attachment ("Account(s)"), regardless of whether such information is located within or

9  outside of the United States:

10  A.    The following information about the customers or subscribers of the Account:

11      1.    Names (including subscriber names, usernames, and screen names);

12      2.    Addresses (including mailing addresses, residential addresses, business

13          addresses, and e-mail addresses);

14      3.    Records of session times and durations, and the temporarily assigned

15          network addresses (such as Internet Protocol ("IP") addresses) associated

16          with those sessions;

17      4.    Length of service (including start date) and types of service utilized;

18      5.    Telephone or instrument numbers (including MAC addresses);

19      6.    Other subscriber numbers or identities (including the registration IP address);

20          and

21      7.    Means and source of payment for such service (including any credit card or

22          bank account number) and billing records.

23  B.    All records and other information (not including the contents of communications)

24  relating to the Account(s), from January 1, 2023, to present, including:

7

1.   Records of user activity for each connection made to or from the Account(s), including log files; messaging logs; the date, time, length, and method of connections; data transfer volume; usernames; and source and destination Internet Protocol addresses;

2.   Information about each communication sent or received by the Account(s), including the date and time of the communication, the method of communication, and the source and destination of the communication (such as source and destination email addresses, IP addresses, and telephone numbers);

3.   All IP logs (including port data) and other documents showing the IP address, date, and time of each login and logout to the Account(s), including "Active Sessions" information (all stored active sessions, including date, time, device, IP address, port data, machine cookie and browser information);

4.   Records and other information about the device(s) associated with the Account(s) (such as telephone number, hardware model, operating system version, unique device identifiers, MAC addresses, Android IDs and mobile network information);

5.   Records and other information about the creation time, language, country, time zone, and other non-content profile information associated with the Account(s);

6.   Any and all cookies associated with or used by any computer or web browser associated with the Account(s) or any linked Account(s), including the IP addresses, port data, dates, and times associated with the recognition of any such cookie;

7.    All accounts linked to the Account(s) (including via common subscriber information, machine cookie or other cookie, creation or login IP address, recovery email or phone number, telephone or instrument number (e.g., IMEI or ESN), AOL account ID, Android ID, Google ID, SMS, Apple ID, Facebook username, or otherwise) ("Linked Account(s)"); and, for each such account, all records and information described in subsections A and B of this Attachment.

**Yahoo Inc. is hereby ordered to disclose the above information to the government within 14 days of receipt of this Order.**

1

## CERTIFICATE OF AUTHENTICITY OF DOMESTIC RECORDS PURSUANT TO FEDERAL RULES OF EVIDENCE 902(11) AND 902(13)

2

3     I, _____, attest, under penalties of perjury by the

4     laws of the United States of America pursuant to 28 U.S.C. § 1746, that the information

5     contained in this certification is true and correct. I am employed by Yahoo Inc. ("Yahoo"),

6     and my title is _____. I am qualified to authenticate the

7     records attached hereto because I am familiar with how the records were created, managed,

8     stored, and retrieved. I state that the records attached hereto are true duplicates of the

9     original records in the custody of Yahoo. The attached records consist of _____

10    **[GENERALLY DESCRIBE RECORDS, SUCH AS:** pages / CD(s) / megabytes**].**

11    I further state that:

12    A.     all records attached to this certificate were made at or near the time of the

13    occurrence of the matter set forth by, or from information transmitted by, a person with

14    knowledge of those matters, they were kept in the ordinary course of the regularly

15    conducted business activity of Yahoo and they were made by Yahoo as a regular practice;

16    and

17    B.     such records were generated by Yahoo's electronic process or system that

18    produces an accurate result, to wit:

19    1.     the records were copied from electronic device(s), storage medium(s),

20    or file(s) in the custody of Yahoo in a manner to ensure that they are true duplicates of the

21    original records; and

22    2.     the process or system is regularly verified by Yahoo and at all times

23    pertinent to the records certified here the process and system functioned properly and

24    normally.

10

1        I further state that this certification is intended to satisfy Rules 902(11) and 902(13) of

2    the Federal Rules of Evidence.

3

4

_____    _____

5    Date                           Signature

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24